UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT REIDY,**

    **Plaintiff,**

                                    **CASE NO.:**

**vs.**

**AARA HOTELS, LLC, HCM HOSPITALITY, LLC and HIREN PATEL, Individually,**

    **Defendants.**             /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ROBERT REIDY, ("REIDY" or "Plaintiff") was an employee of Defendants, AARA HOTELS, LLC, ("AARA"), HCM HOSPITALITY, LLC ("HCM") and HIREN PATEL, Individually ("PATEL") (collectively referred to as "Defendants") and brings this action for unpaid overtime compensation, liquidated damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION AND VENUE

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and

oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

## INTRODUCTION

6. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

8. At all times material hereto, Plaintiff, REIDY was a resident of Pasco County, Florida.

9. Defendant, AARA, conducts business in, among others, Pasco County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

10. Defendant, HCM, conducts business in, among others, Pasco County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

11. Defendant, AARA, a Florida Profit Corporation, is a company categorized as a hotel with a location of 6523 US Hwy 19, New Port Ritchie, FL 34652.

12. Defendant, HCM, a Florida Limited Liability Corporation, is a Company categorized as a hotel with a location of 11736 US Hwy 19, Port Ritchie, FL 32668.

13. At all times relevant to this action, PATEL was an individual resident of the State of Florida, who owned and/or operated AARA and HCM, and who regularly exercised the authority to: (a) hire and fire employees of AARA and HCM; (b) determine the work and pay schedules for the employees of AARA and HCM; (c) control the finances and operations of AARA and HCM; and (d) was responsible for the overall business operations of AARA and HCM.

14. Plaintiff was employed by Defendants as an hourly paid, non exempt, front desk operator from on or around April 2019 through January 2021.

## COVERAGE

15. At all material times during the last three years, Defendant, AARA was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203 (r) and 203 (s).

16. At all material times during the last three years, Defendant, HCM was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203 (s).

17. Defendants AARA and HCM each provide hotel accommodation services to its customers.

4

18. Defendants AARA and HCM perform related activities, through a unified operation or common control, and for a common business purpose.

19. At all material times, Defendants AARA and HCM have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

20. At all times material, Defendants AARA and HCM have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. bedding, food and kitchen supplies and/or office supplies).

21. Therefore, Defendants AARA and HCM operate as a joint enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

## GENERAL ALLEGATIONS

22. Defendant, AARA, is a company classified as a hotel.

23. Defendant, HCM, is a company classified as a hotel.

24. At all material times during the last three years, Defendants were employers as defined by 29 U.S.C. § 203(d).

25. Defendants control and supervise their employees and also have the power to determine rates of pay and hire/fire them.

26. Plaintiff earned an hourly rate in exchange for work performed as a front desk operator from on or around April 2019 through January 2021.

27. Plaintiff performed front desk duties for Defendants at their AARA hotels located at 6523 US Hwy 19, New Port Ritchie, FL 34652.

28. Plaintiff performed front desk duties for Defendants at their HCM hotels Located at 11736 US Hwy 19, Port Ritchie, FL 32668.

29. Defendants were joint "employers" of Plaintiff within the meaning of the FLSA.

30. Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

31. Plaintiff regularly worked in excess of forty (40) hours per week throughout his employment with Defendants.

32. Despite working more than forty (40) hours per week during one or more workweeks, Defendant's failed to pay Plaintiff overtime compensation at a rate of time and one-half times his regular rate of pay for hours worked over forty (40) in a workweek, contrary to §207(a) of the FLSA.

33. Instead, Defendants only compensated Plaintiff his regular hourly rate for the his hours worked over forty (40) in a workweek.

34. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff.

35. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

36. Defendants acted willfully in failing to pay Plaintiff in accordance with the law.

37. Defendants failed to maintain proper time records as mandated by law.

38. Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

39. Plaintiff attempted to resolve his claims under the FLSA prior to filing the instant complaint, but Defendants have failed to respond to this attempt.

## **COUNT I - RECOVERY OF OVERTIME COMPENSATION**

40. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-39 above.

41. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek.

42. From on or about April 2019 through January 2021 during his employment with Defendants, Plaintiff worked overtime hours without receiving time and one-half compensation for same during one or more workweeks contrary to the FLSA.

43. Plaintiff should have earned time and one-half compensation for each hour worked in excess of forty (40) hours per workweek.

44. Defendants had knowledge of the overtime hours worked by Plaintiff.

45. Defendants are aware of the laws which require its employees be paid overtime compensation on a week by week basis.

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

47. As a result of Defendants' intentional, willful and unlawful acts in

refusing to pay Plaintiff his proper overtime wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

48. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

49. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants;

       a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per workweek;

       b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

       c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

       d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 4/12/2021 .

Respectfully submitted by,

Kimberly DeArcangelis, Esq.
Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email:      KimD@forthepeople.com
*Trial Attorneys for Plaintiff*